Manly, J.
 

 The case turns upon the proper construction of the bequest to the lessor, contained 'in the will of Henry S. Lloyd.
 

 The facts are distinctly and clearly stated, and after duly considering them, in 'Connection with the language of the will, we are of opinion that the entire parcel of ground, embracing lots 107 and 118, passed under the devise, except such portions as had been appropriated by the devisor to the ice-house and to the cabin and garden of the old slave.
 

 The term
 
 lot,
 
 used in the description of the ground de-vised, is not found in such connection, nor employed in such way as to lead to the conclusion, that the testator had in his mind, at the time,
 
 apian of the town,
 
 and intended to restrict the occupation then enjoyed by the woman, to the lot in the plan, on which her dwelling-house stood, but we suppose the term “ lot,” was used as synonomous with
 
 piece or parcel,
 
 and in such case, it would clearly embrace not only the spot on which the house or houses stood, but also, all the ground which was used as appurtenant to the dwelling. In the case of
 
 Stowe
 
 v.
 
 Davis,
 
 10 Ire. Rep. 431, the phrase, “ the plantation on which I now live,” was held to embrace two tracts, bought at separate times and from different individuals, but which had been worked together by the testator as one plantation. And in the case of
 
 Bradshaw
 
 v.
 
 Ellis,
 
 2 Dev. and Bat. Eq. 20, it was held that the expression, “ nay plantation,” carried two .parcels, not adjoining, which had been worked together.
 

 It seems that one oftthe out-houses, belonging to the dwelling, was situated on lot 118. The garden, used by her, was partly on one lot and partly on the other. Both lots are in one general enclosure, and the possession and use by the wo
 
 *477
 
 maB, extends over the whole, except that part actually occupied by the ice-house and by the cabin and small' garden of the old slave, as above- stated. These- facts, which it is proper for ns to consider, win fitting a thing to the description,’7 strengthen the conclusion, that the gift to the woman- is not confined to the fifty yards square, called a lot in the plan- of the town, but extends, at least, to-the lands enclosed and used in connection with the house-. A different construction would create the necessity of making a change- in the location- of the out-house, garden, fences, &c., which, if the testator had intended, he would hardly have failed to notice.
 

 Our opinion, then, is, that there is-no errorin the judgment upon the case agreed.
 

 Per Curiam,
 

 Judgment affirmed'..